## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| **CHRISTY R. HUNTINGTON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. DKC 15-83** |
| **v.** | * | |
| | * | |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\***

## REPORT AND RECOMMENDATION

Christy R. Huntington ("Plaintiff") seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court is Defendant's Motion to Dismiss (ECF No. 17). Under Standing Order 2014-01, this matter has been referred to the undersigned for pretrial management and for proposed findings of fact and recommendations under 28 U.S.C. § 636(b)(1)(B) and L.R. 301(5)(b)(ix). No hearing is necessary. L.R. 105(6). For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 17) be **GRANTED** and that the case be **DISMISSED** under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute and to comply with the Court's scheduling order.

## BACKGROUND

On January 9, 2015, Plaintiff *pro se* filed a Complaint in this Court seeking review of the Commissioner's decision. After the Commissioner filed the administrative transcript of this case, the Court approved on April 22, 2015, Defendant's proposed scheduling order directing

Plaintiff to file a motion for summary judgment by no later than June 22, 2015.   After the deadline passed with no action by Plaintiff, on August 19, 2015, the Commissioner moved for the Court to dismiss the case under Fed. R. Civ. P. 41(b) because of Plaintiff's failure to prosecute and to comply with the Court's scheduling order.   Alternatively, the Commissioner requested an extension of time to file her motion for summary judgment.   On that same date, the Clerk of Court notified Plaintiff via mail that she had seventeen days to file a response to Defendant's Motion to Dismiss and that failure to file a timely written response could lead to dismissal of the case or to entry of judgment against her without further notice.   *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam).   On September 11, 2015, the case was referred to the undersigned.   To date, Plaintiff has filed neither a motion for summary judgment nor a response to Defendant's Motion to Dismiss.  The matter is now fully submitted.

## DISCUSSION

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32, 82 S. Ct. 1386, 1388-89 (1962) (noting that federal courts have inherent power to dismiss action for failure to prosecute either *sua sponte* or on party's motion).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30, 82 S. Ct. at 1388.  In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal."  *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam);

*see Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (upholding dismissal of *pro se* plaintiff's claims and noting that *pro se* litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

In considering the *Chandler* factors, the Court finds that the first factor weighs in favor of dismissal. Plaintiff is proceeding *pro se* and bears responsibility for failing to prosecute this action. She failed to comply with the Court's April 2015 scheduling order and to respond to Defendant's Motion to Dismiss despite the Clerk's *Roseboro* notice.

Moreover, as Plaintiff appears to have abandoned her claim, her failure to prosecute has rendered Defendant unable to address the merits of her claim. As a result, Defendant suffers prejudice by her inability to litigate the matter at all. The second factor, therefore, also favors dismissal.

Further, with respect to the third factor regarding the pattern of Plaintiff's conduct, her delay of nearly three months suggests that the Court should expect only further delay should the case proceed. The Court cannot further analyze the substance of Plaintiff's claim because of her failure to submit dispositive motions and her apparent abandonment of her claim. Finally, with regard to the fourth factor, given the considerable passage of time with no response from Plaintiff, there is no alternative sanction short of dismissal that would be appropriate in this case. Thus, the Court should dismiss Plaintiff's Complaint under Fed. R. Civ. P. 41(b) for her failure to prosecute and to comply with the Court's scheduling order.

## RECOMMENDATION

For the reasons set forth above, it is respectfully recommended as follows:

(1) The Court **GRANT** Defendant's Motion to Dismiss (ECF No. 17);

(2) The Court **DISMISS** Plaintiff's Complaint (ECF No. 1); and

(3) The Court **CLOSE** this case.

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be served and filed within seventeen days of the date of this Report and Recommendation under Fed. R. Civ. P. 6(d), 72(b), and L.R. 301(5)(b). Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within seventeen days after the date of this Report and Recommendation may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Date: September 15, 2015                       /s/
                                             Thomas M. DiGirolamo
                                               United States Magistrate Judge